UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00165-WJM-MDB

CHRISTOPHER PARKER, and
RED MANGO ENTERPRISES LTD.,

      Plaintiffs,

  v.

CHARIF SOUKI,

      Defendant.

---

## Joint Status Report

---

Pursuant to Section V of Judge Braswell's Practice Standards for Civil Cases, Plaintiffs Christopher Parker, and Red Mango Enterprises Ltd. ("Plaintiffs") and Defendant Charif Souki ("Defendant") file this Joint Status Report.

## I.   Summary of Discovery Activity

### A.  Timeline of discovery events

Since the Rule 16(b) conference on April 27, 2022, the parties have completed the following discovery activities:

| Written Discovery | Objections and Responses | Meet-and-Confer Discussions | Related Letters |
|---|---|---|---|
| **May 9**: Defendant served first set of Interrogatories on Plaintiff Parker and Plaintiff Red Mango | **June 16**: Plaintiff Parker served Responses and Objections<br>**June 21**: Plaintiff Red Mango served Responses and Objections | **June 28**: Telephonic meeting (parties' counsel attended) | **June 28**: T. Young to L. Goldman<br>**July 7**: L. Goldman to T. Young<br>**July 15**: T. Young to L. Goldman<br>**July 22**: L. Goldman to T. Young<br>**Aug. 8**: T. Young to L. Goldman<br>**Aug. 15**: L. Goldman to T. Young<br>**Aug. 16**: T. Young to L. Goldman<br>**Aug. 17**: L. Goldman to T. Young |
| **May 9**: Defendant served first set of Requests for Production on Plaintiffs<br><br>**May 17:** Defendant served revised first set of Requests for Production Plaintiffs | **June 16**: Plaintiffs served Responses and Objections | (Same as above) | (Same as above) |
| **June 8**: Court entered Stipulated Protective Order (Dkt. 30) and Stipulated ESI Order and Protocol (Dkt. 31) | | | |

| Written Discovery | Objections and Responses | Meet-and-Confer Discussions | Related Letters |
|---|---|---|---|
| **June 10**: Plaintiffs served first set of Requests for Production on Defendant | **July 18:** Defendant served Responses and Objections | **July 22**: Telephonic meeting (parties' counsel attended) | **Aug. 8**: T. Young to L. Goldman **Aug. 15**: L. Goldman to T. Young **Aug. 16**: T. Young to L. Goldman **Aug. 17**: L. Goldman to T. Young |
| **June 14**: Defendant served his Amended Initial Disclosures | | | |
| **June 15**: Defendant's First Document Production | | | |
| **June 15**: Plaintiffs' First Document Production | | | |
| **July 15**: Defendant served third-party subpoena on UBS Financial Services, Inc. and notice on Plaintiffs | | **Aug. 11**: Telephonic meeting (Defendant's and third party's counsel attended) | |
| **July 18**: Defendant served third-party subpoena on Pictet Asset Management (USA) Corp. and notice on Plaintiffs | | **Aug. 16**: Telephonic meeting (Defendant's and third party's counsel attended) | |
| **July 25**: Plaintiffs served first set of Interrogatories on Defendant | **Aug. 31**: Defendant's Responses and Objections due | | |
| **Aug. 2**: Plaintiffs' Second Document Production | | | |

| Written Discovery | Objections and Responses | Meet-and-Confer Discussions | Related Letters |
|---|---|---|---|
| **Aug. 10**: Plaintiffs served third-party subpoena on Tellurian, Inc. and notice on Defendant | | **Aug. 24**: Telephonic meeting (Plaintiffs' counsel and third party's counsel attended) | **Aug. 22**: T. Young to L. Goldman |
| **Aug. 26**: Plaintiffs' Third Document Production | | | |

The parties also met and conferred by telephonic conference on August 17 and August 24, 2022, to discuss persistent discovery disputes.

To date, no depositions have been noticed or taken.

## B. Third-party discovery

On July 18 and July 25, 2022, Defendant served third-party discovery on two financial institutions at which Plaintiffs have affiliated accounts: UBS Financial Services, Inc. ("UBS") and Pictet Asset Management (USA) Corp. ("PAM"). Each subpoena *duces tecum* requested documents to confirm that the parties have a complete record of Mr. Parker's and Red Mango's holdings in Tellurian securities. Defendant is engaged in the meet-and-confer process with UBS regarding production related to Plaintiffs' domestic UBS account. Counsel for UBS represented that production may take up to six weeks after search terms are agreed upon. Respecting PAM, the subpoena on a domestic affiliate was ineffective to reach Plaintiffs' international accounts. Based on Defendant's review of the financial records produced to date, Defendant does not plan to serve international process on the foreign affiliates of these financial institutions.

There are, however, two directors or former directors of Red Mango who are based outside the U.S. Defendant has inquired as to the discoverability of materials in the possession, custody,

or control of Red Mango with regard to these two individuals. Plaintiffs have searched all of Mr. Parker's emails and assured Defendant that their next document production will contain responsive communications with Red Mango directors, who included Mr. Parker on their correspondence on behalf of Red Mango. Red Mango maintains, however, that it does not control the personal email accounts of those two directors, one of whom was an "investment advisor" to the CP Irrevocable Trust, which holds the sole shareholder of Plaintiff Red Mango. Defendant plans to seek additional document discovery from and depositions of those two individuals, and, because they are located internationally, this may entail some delay. The parties continue to discuss the most efficient way to accomplish this outstanding discovery.

On August 10, 2020, Plaintiffs served third-party discovery on Tellurian, Inc. ("Tellurian"). The document requests served on Tellurian are similar to requests for production served on Defendant and seek to obtain responsive communications and documents that are in the possession, custody, and control of Tellurian rather than Defendant. The requests also seek unique information to the company related to, for example, Defendant's position as the Executive Chairman and stock grants the company issued to him. Plaintiffs are engaged in the meet-and-confer process with Tellurian and recently extended Tellurian's deadline to respond to the subpoena *duces tecum* to September 2, 2022. Defendant has advised Plaintiffs that he will object to several categories of documents requested from Tellurian on similar grounds to those articulated in his objections to requests made to Defendant.

II.     **Pending and Unresolved Discovery Disputes**

The following matters are pending and unresolved.

A. **Pending and Unresolved Discovery Disputes Raised by Plaintiffs**

Plaintiffs served their first set of document requests on Defendant Souki on June 10, 2022 and the parties are continuing to meet and confer on the scope of certain requests and have agreed to preliminary search terms. Defendant has taken the position that a number of requests that seek, among other things, documents and communications that go to Defendant's present intention to enter into the alleged agreements, are not relevant and proportional to the needs of the case. While Plaintiffs dispute this position, the parties are still discussing these issues.

**B. Pending and Unresolved Discovery Disputes Raised by Defendant**

Defendant does not believe that Plaintiffs' response to Defendant's Interrogatory No. 7 is sufficient. That interrogatory asks Plaintiffs to "Identify the amount of damages you are seeking from Souki in this matter and the method(s) of calculating such alleged damages." Defendant believes that Plaintiffs have not fully explained the basis for their $51 million damages calculation. Plaintiffs maintain that their damages description is adequate, and the parties have exchanged letters with legal support for their positions. Defendant believes that the parties have reached an impasse and that the parties will be reaching out to chambers to initiate the informal discovery procedure.

Defendant also believes that Plaintiffs' subpoena to Tellurian is overbroad, and is considering whether it will seek a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). However, the parties continue to meet and confer on this issue while Plaintiffs negotiate with Tellurian's counsel.

**III. Likelihood of Settlement**

The parties have not engaged in any settlement discussions or alternative dispute resolution aside from Plaintiffs' sending an initial demand letter and a draft complaint to

Defendant. While the parties remain open to discussing settlement, at this time, Defendant believes the likelihood of settlement is low.

**IV.    Pending Motions**

On May 10, 2022, Defendant filed his Motion to Dismiss the Amended Complaint (Dkt. 24). The motion was fully briefed as of June 21, 2022 and remains pending.

APPROVED:

BOIES SCHILLER FLEXNER LLP
*/s/ Lauren M. Goldman (with permission)*
Jonathan D. Schiller
Matthew L. Schwartz
Lauren M. Goldman
55 Hudson Yards
New York, New York 10001
Tel.: (212) 446-2300
Fax: (212) 446-2350
jschiller@bsfllp.com
mlschwartz@bsfllp.com
lgoldman@bsfllp.com

*Counsel for Plaintiffs*

YETTER COLEMAN LLP

*/s/ Timothy S. McConn*
Timothy McConn
Paul Yetter
Autry Ross
Tyler Young
Bonnie Fraase
811 Main Street, Suite 4100
Houston, Texas 77002
Tel: (713) 632-8000
Fax: (713) 632-8002
tmcconn@yettercoleman.com
pyetter@yettercoleman.com
aross@yettercoleman.com
tyoung@yettercoleman.com
bfraase@yettercoleman.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE (CM/ECF)

I certify that a true and correct copy of the foregoing has been electronically served on all counsel of record on August 26, 2022.

*/s/ Timothy S. McConn*
Timothy S. McConn