IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:22-cv-00165-WJM-MDB

CHRISTOPHER PARKER, and
RED MANGO ENTERPRISES LTD.,

 Plaintiffs,

v.

CHARIF SOUKI,

 Defendant.

## JOINT STATUS REPORT

 As per the Court's instruction at the status conference on September 26, 2022, Plaintiffs Christopher Parker and Red Mango Enterprises Ltd. ("Plaintiffs") and Defendant Charif Souki ("Defendant" or "Mr. Souki") file this Joint Status Report on the pending discovery disputes between the parties.

### I. Summary of Meet-and-Confer Events

#### A. Attorneys Who Participated in the Discovery Conferences

In the conferral conference, Lauren Goldman represented Plaintiffs and Tyler Young represented Defendant.

#### B. Conferral Dates and Duration

On October 7, 2022, Plaintiffs provided proposed search terms by written letter. Ex. A. On October 21, 2022, Mr. Souki responded to that letter. Ex. B. The parties met and conferred by conference call on October 24, 2022, at 3:30 p.m. Central Standard Time. The conference lasted

nearly an hour. Plaintiffs sent a subsequent letter on October 26, 2022. Ex. C. The parties further communicated by email on October 27, 2022. *See* Ex. D; Ex. E.

## II.   Matters Resolved by Agreement

Through the meet-and-confer process, the parties reached the following agreements:

- Regarding Requests for Production No. **2, 10, 11, 12, 14, 15, and 16**, Mr. Souki agrees to run Plaintiffs' proposed search terms and produce any responsive, non-privileged documents and communications. The agreed-upon search terms are shown in Exhibit A.

- Defendant may modify the syntax for agreed searches where necessary to render the searches compatible with counsel's review platform, Cimplifi Relativity 11.

- To accommodate the on-going discovery process, the parties intend to file an agreed-upon motion to continue the scheduling order.

## III.   Disputed Issues

Through the meet-and-confer process, the parties have reached an impasse on the following:

- Production date range for the agreed-upon search terms. Plaintiffs would extend the searching through the date of the amended complaint (April 12, 2022) while Defendant would conclude searching at the date of the original complaint (January 20, 2022).
    - Plaintiffs believe that there could be documents and communications responsive to Requests for Production No. 2, 10, 11, 12, 14, 15, and 16 in the period between the filing of the original complaint and the amended complaint. During this period, Mr. Souki was on notice of the lawsuit and could have

        pertinent communications about the alleged agreements or his state of mind in forming the alleged agreements. The additional period—between January 20, 2022 and April 12, 2022—is less than three months. This modest extension does not impose an appreciable burden on Defendant.

- o Mr. Souki understands the above-listed Requests for Production to pertain to his alleged motivations between 2019 and 2021. Thus, Mr. Souki contends that searching for documents between January and April 2022 – the dates of the original and amended complaints – is not likely to result in the production of relevant, responsive, non-privileged materials. Extending the timeframe by these several months thereby constitutes undue burden. Regarding different Requests for Production, notably including communications with or about Mr. Parker, Mr. Souki did search through April 2022; the relevance of these previous requests, unlike those at issue now, was not premised on Mr. Souki's alleged motivations at the time of the purported agreements.

- Documents sufficient to satisfy Requests for Production No. **3, 7, 9 & 18**. Plaintiffs' proposed terms are shown by Exhibit A.

  - o Plaintiffs have repeatedly explained to Defendant the relevance of these Requests, and the Court agreed with Plaintiffs' position at the status conference on September 26, 2022. Defendant should not now be able to fall back on the same arguments that this Court has already rejected. Per the Court's instructions, Plaintiffs crafted a set of tailored search terms for Defendant to

    use; however, Defendant has persisted in his refusal to search for responsive documents. And despite claiming that a "review of the search term hits would be unduly burdensome," Defendant has neither provided a hit report to support that assertion nor proposed alternative search terms. Moreover, Plaintiffs have explained verbally and in writing that there are certain discrepancies in the public filings about which Plaintiffs seek clarification. To date, Defendant has not provided additional information. Although Plaintiffs believe the Court has already provided sufficient guidance on these Requests after receiving substantive arguments (in writing and verbally) from the parties, Plaintiffs will provide the Court with whatever additional information or briefing it deems necessary, including briefing a formal motion to compel.

o Mr. Souki maintains that sufficient information is publicly known to satisfy Plaintiffs. Email searching and written discovery exceed the relevancy standard, unduly burden Mr. Souki, and invade Mr. Souki's privacy. To the extent these requests are tangentially relevant, documents detailing Mr. Souki's personal finances – including his loans and the organization of his family trust – are not proportionate to the needs of the case. Mr. Souki respects the Court's guidance at the September 26, 2022 status conference, and, based on that guidance, Mr. Souki dropped numerous objections and agreed to produce documents responsive to seven of the thirteen categories in dispute. Plaintiffs, however, have refused to compromise in any respect on the remaining requests

at issue. In any event, with his privacy interest at stake, Mr. Souki declines to voluntarily produce documents responsive to Requests for Production No. 3, 7, 9 & 18 and respectfully requests the opportunity to brief these issues in the context of a formal motion to compel.

- Requests for Admission in lieu of Requests for Production No. **19 & 20**.
  - As can be seen in Plaintiffs' letters, Plaintiffs have heeded the Court's advice and have met and conferred with defense counsel with regard to Requests for Production No. 19 and 20. In lieu of search terms, Plaintiffs first proposed that Defendant only produce monthly "bank records that illustrate Defendant's net worth and liquidity," and offered to meet and confer "to ensure proper protection of personal information." Defendant did not engage with this proposal, and merely fell back on the Court's suggestion that these Requests "*could potentially* be dispensed with through targeted Requests for Admission." While Plaintiffs are willing to serve such Requests for Admission, any such Request for Admission drafted by Plaintiffs at this point would be a shot in the dark that would do little to provide Plaintiffs with evidence it could use at trial. As Plaintiffs have expressed to Defendant in writing, in order to draft an effective Request for Admission, Defendant must provide Plaintiffs with actual underlying facts that Plaintiffs can then use in a Request for Admission, such as Mr. Souki's net worth and liquidity on a monthly basis between July 1, 2019 and December 31, 2021, as well as the sources of Mr. Souki's net worth and

>    liquidity, including what types of assets Mr. Souki owned and their values, how his investments were allocated, and where his assets and investments were held (i.e., in trust, a bank account, etc.). Although Plaintiffs believe the Court has already provided sufficient guidance on these Requests after receiving substantive arguments (in writing and verbally) from the parties, Plaintiffs will provide the Court with whatever additional information or briefing it deems necessary, including briefing a formal motion to compel.
>    
>    o Mr. Souki remains open to the Court's suggestion by minute order that these requests "could potentially be dispensed with through targeted Requests for Admission." But Plaintiffs' representation that no Requests for Admission will be served "without more information" undermines the admissions' value for dispensing with the Requests for Production. The requested discovery intrudes upon Mr. Souki's privacy, and discovery *plus* an admission is no salve for that harm. Additionally, even if the requested materials were somehow tangentially relevant, they are not proportional to the needs of the case, particularly given Mr. Souki's assurances regarding a potential stipulation. Accordingly, Mr. Souki respectfully requests the opportunity to brief these issues in the context of a formal motion to compel.

Although not ripe for the Court's consideration, Plaintiffs note that they have requested that Defendant supplement a number of his responses to Plaintiffs' First Set of Interrogatories,

including some that overlap with topics related to certain disputed Requests for Production. The Parties continue to meet and confer on those issues.

APPROVED:

| BOIES SCHILLER FLEXNER LLP | YETTER COLEMAN LLP |
|---|---|
| */s/ Lauren M. Goldman (with permission)* <br> Jonathan D. Schiller <br> Matthew L. Schwartz <br> Lauren M. Goldman <br> 55 Hudson Yards <br> New York, New York 10001 <br> Tel.: (212) 446-2300 <br> Fax: (212) 446-2350 <br> jschiller@bsfllp.com <br> mlschwartz@bsfllp.com <br> lgoldman@bsfllp.com <br><br> **Counsel for Plaintiffs** | */s/ Timothy S. McConn* <br> Timothy McConn <br> Paul Yetter <br> Tyler Young <br> Bonnie Fraase <br> 811 Main Street, Suite 4100 <br> Houston, Texas 77002 <br> Tel: (713) 632-8000 <br> Fax: (713) 632-8002 <br> tmcconn@yettercoleman.com <br> pyetter@yettercoleman.com <br> tyoung@yettercoleman.com <br> bfraase@yettercoleman.com <br><br> and <br><br> Michael L. O'Donnell <br> Marissa S. Ronk <br> Wheeler Trigg O'Donnell LLP <br> 370 Seventeenth Street, Suite 4500 <br> Denver, CO 80202-5647 <br> Tel: 303.244.1800 <br> Fax: 303.244.1879 <br> odonnell@wtotrial.com <br> ronk@wtotrial.com <br><br> **Counsel for Defendant** |

**CERTIFICATE OF SERVICE (CM/ECF)**

  I certify that a true and correct copy of the foregoing has been electronically served on all counsel of record on October 28, 2022.

                */s/ Timothy S. McConn*
                Timothy S. McConn