# EXHIBIT 16

Civil Action No. 1:22-cv-00165-WJM-NYW

CHRISTOPHER PARKER, and
RED MANGO ENTERPRISES LTD.,

        Plaintiffs,

  v.

CHARIF SOUKI,

        Defendant.

---

**PLAINTIFF RED MANGO ENTERPRISES LTD.'S RESPONSES AND OBJECTIONS TO DEFENDANT CHARIF SOUKI'S FIRST SET OF INTERROGATORIES**

---

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Red Mango Enterprises Limited ("Red Mango" or "Plaintiff") submits the following responses and objections (the "Responses") to Defendant Charif Souki's ("Defendant") First Set of Interrogatories to Plaintiff Red Mango, dated May 9, 2022 (the "Interrogatories"), in the above-captioned action (the "Action").

By submitting these Responses, Plaintiff does not intend to concede or waive any arguments regarding the scope, relevance, and timing of any discovery in the Action.

Plaintiff reserves the right to amend or revise these Responses, including based on any responses or objections submitted by Plaintiff Parker (collectively, "Plaintiffs"). Plaintiff also asserts that any discovery obligations should be mutual between parties, so that if any of Red Mango's objections are overridden, Defendant should be subject to the same scope of discovery, including definitions and instructions for discovery compliance.

## GENERAL OBJECTIONS

1. Plaintiff objects to the Interrogatories to the extent they impose obligations in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any court governing discovery in this case, or any discovery protocol agreed upon by the parties.

2. Plaintiff objects to the Interrogatories insofar as they seek information not in Red Mango's possession, custody, or control. Plaintiff further objects to the Interrogatories to the extent they seek documents and information that he does not have the practical ability to obtain or which would be unreasonably burdensome to identify or to obtain.

3. Plaintiff objects to the extent the Interrogatories seek information that is already in Defendant's possession, is equally accessible to Defendant, or is readily accessible to Defendant.

4. Plaintiff further objects to the Interrogatories to the extent that the burden of deriving an answer from other sources of discovery will be substantially the same for Defendant as it is for Red Mango.

5. Plaintiff objects to the Interrogatories to the extent they seek information that Defendant can obtain from sources that are more convenient, less burdensome or less expensive.

6. Plaintiff objects to the Interrogatories to the extent they seek information protected by the attorney/client privilege, the work-product doctrine, Rule 408 of the Federal Rules of evidence, any common interest privilege, joint defense agreement or any other applicable privilege.

7. Plaintiff further objects to the Interrogatories to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity or unreasonable, or otherwise seek the discovery of information that is neither relevant to the claims or defenses of any party to this action not reasonably calculated to lead to admissible evidence.

8. Plaintiff objects to the Interrogatories to the extent they are propounded for the improper purpose of annoying or harassing Red Mango.

9. Plaintiff objects to the Interrogatories to the extent they contain legal conclusions or contain inaccurate, incomplete, or misleading descriptions or assumptions of the facts, persons, relationships, events and pleadings in the Action. Plaintiff's Response to any given Interrogatory shall not constitute Plaintiff's agreement with, or admission to, any such conclusion, description, or assumption or a waiver of any of Plaintiff's rights.

10. Nothing contained in any Response to any Interrogatory shall be construed as an admission concerning the admissibility, materiality, or relevance of any topics or documents, an admission that documents or information exist, or an admission of the truth or accuracy of any characterization or assertion contained in the Interrogatories.

11. Any failure of Plaintiff to make a specific objection to any Interrogatory is not an admission that information responsive to that Interrogatory exists or that that Interrogatory is appropriate and shall not be construed as a waiver of Plaintiff's right to object on that ground or any additional ground at any time. No specific objection to any Interrogatory is to be construed as a waiver of any General Objection or objection to the Definitions and Instructions applicable to the Interrogatories.

12. These Responses are based on presently available information. Plaintiff reserves the right to supplement, amend, correct, clarify or modify his Responses as further information becomes available, or if it is discovered that information was omitted from these Responses as a result of mistake, error, oversight, or inadvertence.

<u>**OBJECTIONS TO DEFINITIONS**</u>

1. Plaintiff objects to Definition No. 1 ("Plaintiff," "you," and "your") as overbroad, unduly burdensome, vague and ambiguous, including to the extent it purports to impose an obligation on Red Mango to provide information concerning persons or entities other than itself. Red Mango will interpret the terms "Plaintiff," "you" and "your" to refer to Red Mango and Plaintiff Christopher Parker. Red Mango further objects to Definition No. 1 to the extent it purports to seek information protected by the attorney/client privilege, work-product doctrine, or other applicable privileges.

2. Plaintiff objects to Definition No. 7 ("Alleged Agreements") as vague and ambiguous. Red Mango will interpret the term "Alleged Agreements" to refer to the contracts entered into in August 2019 and February 2021 as between Defendant Souki and Plaintiffs Red Mango and Parker.

3. Plaintiff objects to Definition No. 10 ("Document") as overly broad to the extent that it seeks to impose obligations exceeding those required by the Federal Rules of Civil Procedure, the Local Rules of Practice of the United States District Court for the District of Colorado, and any applicable law or order of this Court.

4. Plaintiff objects to Definition No. 11 ("Person") as overly broad to the extent that it seeks to impose obligations exceeding those required by the Federal Rules of Civil Procedure, the Local Rules of Practice of the United States District Court for the District of Colorado, and any applicable law or order of this Court.

<u>**SPECIFIC OBJECTIONS**</u>

**INTERROGATORY NO. 1: Describe all transactions involving Tellurian Securities that you personally own or owned. For each such transaction, your answer to this interrogatory should include (a) the date of the transaction, (b) the type of transaction (buy, sell, or**

**otherwise), (c) the type and number of Securities transacted, (d) the price/consideration received or paid, and (e) the name of any brokerage, bank, or financial institution involved.**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to Interrogatory No. 1 to the extent that it is overbroad and unduly burdensome because it asks to describe "all transactions involving Tellurian Securities that you personally own or owned." Plaintiff further objects to this Interrogatory No. 1 to the extent that it seeks information that is duplicative of Interrogatory No. 3.

Subject to and without waiving the General or Specific Objections, Plaintiff responds that all responsive transactions are reflected in Plaintiffs' production at PLAINTIFFS_00000001–PLAINTIFFS_00000445.

**INTERROGATORY NO. 2: Identify each of your officers, directors, and shareholders (including but not limited to Red Mango Holdings Limited). Your answer to this interrogatory should include each such person's or entity's name, address, telephone number, email address, and (for any entity) place of incorporation and/or formation.**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff objects because Interrogatory No. 2 calls for confidential personal identifying information, which is not proportional to the needs of the case.

Subject to and without waiving the General Objections, Plaintiff responds that the current director of Red Mango is Maria Victoria Armas. She can be contacted through Red Mango's counsel at Boies Schiller Flexner, 55 Hudson Yards, New York, NY 10001, (212) 446-2300.

Further, Red Mango Holdings Limited is the only shareholder of Red Mango. It is incorporated under the law of the Bahamas, and its registered office address is: Lyford Cay House, Western Road, P.O. Box SP 63131, Nassau, Bahamas, (242) 702-4050

**INTERROGATORY NO. 3: Identify all financial institutions, brokerage firms, banks, trusts, and trading companies that have been involved in the acquisition, divestiture, and/or housing of Tellurian Securities on your behalf and/or on behalf of any entity with which you are, were, or have been affiliated. For each such institution, your answer to this interrogatory**

**should include (a) the name, address, and phone number of the institution, and (b) the name(s) and the account number(s) associated with each account at each such institution that related to Tellurian Securities.**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to Interrogatory No. 3 because it is overbroad, unduly burdensome, and impermissibly compound to the extent it seeks information about "all financial institutions, brokerage firms, banks, trusts, and trading companies that have been involved in the acquisition, divestiture, and/or housing of Tellurian Securities" not just on Plaintiff Red Mango's behalf but also on "behalf of any entity with which" it is or has been affiliated. Plaintiff further objects to Interrogatory No. 3 because the phrase "have been affiliated" is vague and ambiguous. Plaintiff also objects to the extent that Interrogatory No. 3 seeks information that is duplicative of Interrogatory No. 1.

Subject to and without waiving the General or Specific Objections, Plaintiff responds that since December 2019, Red Mango's shares have been held in the Christopher Parker Irrevocable Trust, administered by Rhone Trustees (Bahamas) Ltd., with an address at Lyford Cay House, Western Road, P.O. Box SP 63131, Nassau, Bahamas, (242) 702-4050.

In addition, the following financial institutions have been involved in the purchase, sale, and transfer of Plaintiff's Tellurian Securities:

| Institution | Account Name | Account Number | Address | Phone Number |
|---|---|---|---|---|
| UBS Financial Services, Inc. | Christopher Parker | K211987K8 | 600 W Broadway Suite 2800 San Diego CA 92101 | (619) 557-2400 |
| UBS Financial Services, Inc. | Christopher Parker | 1512243K8 | 600 W Broadway Suite 2800 San Diego CA 92101 | (619) 557-2400 |
| UBS (Monaco) S.A. | Christopher Parker | 0180509 | 2, Avenue de Grande-Bretagne Monte-Carlo B.P. 189 | +377 93 15 58 15 |

| | | | MC 98007 Monaco cedex | |
|---|---|---|---|---|
| UBS AG – Hong Kong | Red Mango Enterprises Limited | 530-331966.N1 | 2 International Finance Centre 52/F, 8 Finance Street Central, Hong Kong | +852-2971 8888 |
| UBS AG – Hong Kong | Clydesdale International Limited | 530-130253.N1 | 2 International Finance Centre 52/F, 8 Finance Street Central, Hong Kong | +852-2971 8888 |
| Pictet & Cie (Europe) S.A. – Hong Kong | Red Mango Enterprises Limited | I-330385.001 | 9/F Chater House, 8 Connaught Road Central, Hong Kong | +852-3191-1805 |
| Pictet & Cie (Europe) S.A. – Switzerland | Red Mango Enterprises Limited | A-630446.001 | Route des Acacias 60, 1211 Geneve 73, Switzerland | +41 58 323 23 23 |

**INTERROGATORY NO. 4: Identify all legal, investment, and/or financial professionals, advisors, consultants, and/or firms with whom you and/or your representatives, agents, or employees have consulted regarding Tellurian, Tellurian Securities, the Alleged Agreements, strategies related to buying or selling of Tellurian Securities, and/or strategies or options for protecting against or minimizing any risks associated with owning or trading in Tellurian Securities. Your answer should include each such person's or entity's name, address, telephone number, and email address, as well as the dates on which you consulted each of them regarding the subject matter described herein.**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to Interrogatory No. 4 because it is overbroad, unduly burdensome, and impermissibly compound to the extent it seeks information about "all legal, investment, and/or financial professionals, advisors, consultants, and/or firms with whom you and/or your representatives, agents, or employees have consulted regarding Tellurian, Tellurian Securities, the Alleged Agreements, strategies related to buying or selling of Tellurian Securities, and/or strategies or options for protecting against or minimizing any risks associated with owning or trading in Tellurian Securities." Plaintiff further objects to Interrogatory No. 4 because the term "consulted" and the phrase "protecting against or minimizing any risks" are vague and ambiguous. Plaintiff further objects to Interrogatory No. 4 to the extent that it seeks information protected by

the attorney/client privilege- work-product doctrine, or other applicable privileges. Plaintiff further objects to Interrogatory No. 4 to the extent that it seeks the confidential information of third parties and that such information is not proportional to the needs of the case.

Subject to and without waiving the General or Specific Objections, Plaintiff responds that Parker has discussed Tellurian Securities on behalf of himself and Red Mango with professionals at the institutions listed in response to Interrogatory No. 3.

**INTERROGATORY NO. 5: Identify and describe all meetings and oral communications between you and Souki regarding Tellurian, Tellurian Securities, and/or the Alleged Agreements. For each such meeting or communication, your answer to this interrogatory should include the date of the meeting or communication, the location of the meeting or the communication, the attendees, whether any document refers to or memorializes the substance of the meeting or the communication, and the general subject matter of what was discussed and by whom in the meeting or the communication**.

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to Interrogatory No. 5 as overbroad and unduly burdensome in that it asks Plaintiff to "identify and describe all meetings and oral communications." Plaintiff further objects to Interrogatory No. 5 to the extent that the phrase "all meetings and oral communications" is vague and ambiguous. Plaintiff also objects to Interrogatory No. 5 to the extent that it seeks information already in Defendant's possession, custody, or control.

Subject to and without waiving the General or Specific Objections, Plaintiff responds that Plaintiffs' production, PLAINTIFFS_00000001–PLAINTIFFS_00000445, reflects phone calls or meetings between Parker (on behalf of himself and Red Mango) and Souki during which Tellurian, Tellurian Securities, and/or the Alleged Agreements may have been discussed, scheduled for the dates listed below. Plaintiff provides the information listed below based on information that is currently available and reserves the right to supplement, amend, or correct the below dates.

- March 11, 2018 – Aspen, CO
- November 3, 2018 – Phone call

- May 23, 2019 – Phone call
- June 13, 2019 – St. Tropez, France
- October 21, 2019 – St. Tropez, France
- January 22, 2020 – Los Angeles, CA
- January 23, 2020 – Los Angeles, CA
- February 27, 2020 – Los Angeles, CA
- July 25, 2020 – Aspen, CO
- August 13, 2020 – Phone call
- November 20, 2020 – Phone call
- January 5, 2021 – Phone call
- February 2021 – Aspen, CO
- March 11, 2021 – Phone call
- June 28, 2021 – Aspen, CO
- June 30, 2021 – Aspen, CO
- August 21, 2021 – Aspen, CO
- August 23, 2021 – Aspen, CO

**INTERROGATORY NO. 6: Identify and describe all meetings and oral communications between you and any nonparty to this Lawsuit regarding Tellurian, Tellurian Securities, the Alleged Agreements, strategies related to buying or selling of Tellurian Securities, and/or strategies or options for protecting against or minimizing any risks associated with owning or trading in Tellurian Securities. For each such meeting or communication, your answer to this interrogatory should include the date of the meeting or communication, the location of the meeting or the communication, the attendees, whether any document refers to or memorializes the substance of the meeting or the communication, and the general subject matter of what was discussed and by whom in the meeting or the communication.**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to Interrogatory No. 6 as overbroad, unduly burdensome, impermissibly compound, and not proportional to the needs of the case by asking Plaintiff to "identify and describe all meetings and oral communications between you and any nonparty to this Lawsuit" about a number of topics. Plaintiff further objects to Interrogatory No. 6 because the phrases "all meetings and oral communications" and "strategies or options for protecting against or minimizing

any risks associated with owning or trading in Tellurian Securities" are vague and ambiguous. Plaintiff further objects to Interrogatory No. 6 to the extent that it seeks information protected by the attorney/client privilege- work-product doctrine, or other applicable privileges. Plaintiff further objects to this request to the extent that it seeks information that is duplicative of Interrogatory Nos. 4 and 5.

Subject to and without waiving the General or Specific Objections, Plaintiff responds that the Parker (on behalf of himself and Red Mango) verbally discussed Tellurian, Tellurian Securities, and/or the Alleged Agreements with the following nonparties, not including attorneys: Yousra Bellamine; Paul Kessler; Kevin Washington; Joseph Miller; Dylan Sellers; Chi Kan Tang; Edward Ting; Jun De Lee.

**INTERROGATORY NO. 7: Identify the amount of damages you are seeking from Souki in this matter and the method(s) of calculating such alleged damages.**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to Interrogatory No. 7 because it is a premature contention interrogatory served before discovery is complete in this case. Plaintiff reserves the right to supplement its response to this Interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court.

Subject to and without waiving the General or Specific Objections, Plaintiff responds that it is entitled to recover compensatory damages in an amount not less than $51,000,000, plus interest, as well as other available relief including punitive damages, and costs and fees. The compensatory damages figure is calculated by reference to the difference in cost basis for Plaintiffs' shares and the actual Tellurian, Inc. share price during the relevant period. Without expert discovery, Plaintiffs are not able to provide any further computation of damages. Plaintiffs anticipate relying on documents, information, and witness testimony produced in discovery by

Defendant Souki or non-parties, as well as expert witnesses. Plaintiffs will produce results of such expert analyses consistent with the schedule set forth by the Court.

**INTERROGATORY NO. 8: Identify each and every representation by Souki to you that you allege was false at the time it was made and on which you justifiably relied. Your answer to this interrogatory should include the precise representation, the date on which it was allegedly made, and (if applicable) the location at which it was allegedly made and any other person present when it was allegedly made.**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to Interrogatory No. 8 because it is a premature contention interrogatory served before discovery is complete in this case. Plaintiff reserves the right to supplement its response to this Interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court. Plaintiff further objects to Interrogatory No. 8 as overbroad and unduly burdensome because it asks Plaintiff to "identify each and every representation by Souki." Plaintiff also objects to Interrogatory No. 8 to the extent that word "representation" and phrase "justifiably relied" is vague and ambiguous. Plaintiff further objects to Interrogatory No. 8 to the extent that the information is already within Defendant's possession, custody, and control.

Subject to and without waiving the General or Specific Objections, Plaintiff responds that Defendant Souki made the following statements to Parker (on behalf of himself and Red Mango) that were false at the time that they were made:

- On August 17, 2019, Souki wrote to Parker via text message saying, "I will guaranty [*sic*] your capital by dec 2020 [*sic*]. I'll make up any capital deficiency you have at that date. Thanks for your help and confidence."

- In February 2021, Parker met with Souki in Aspen, CO. Souki represented to Parker that he would indemnify Parker for any losses associated with his and Red Mango's Tellurian investment through the end of 2021, and to pay interest. He also told Parker that he was "good for the guarantee."

- In a text message sent to Parker on or about March 1, 2020, Souki said "I'm not selling" with reference to his holdings in Tellurian.

**INTERROGATORY NO. 9: Identify each and every act you undertook in reliance on a representation made by Souki to you that you allege was false at the time it was made. Your**

**answer to this interrogatory should include the precise action, the date on which it was allegedly taken, and (if applicable) the location at which it was allegedly taken and any person present when it was allegedly taken.**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to Interrogatory No. 9 because it is a premature contention interrogatory served before discovery is complete in this case. Plaintiff reserves the right to supplement its response to this Interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court. Plaintiff further objects to Interrogatory No. 9 as overbroad and unduly burdensome because it asks Plaintiff to "identify each and every act" its undertook. Plaintiff further objects to Interrogatory No. 9 to the extent that the phrase "each and every act you undertook in reliance on a representation made by Souki" is vague and ambiguous. Plaintiff further objects to Interrogatory No. 9 to the extent that the information it seeks is already within Defendant's possession, custody, and control.

Subject to and without waiving the General or Specific Objections, Plaintiff responds that in reliance on Defendant Souki's false representations, it refrained from selling its Tellurian shares that it otherwise would have sold.

**INTERROGATORY NO. 10: Identify each and every person to whom you disclosed one or both of the Alleged Agreements and the date, location, and method of each such disclosure.**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to Interrogatory No. 10 as overbroad and unduly burdensome by asking Plaintiff to "identify each and every person to whom you disclosed one or more of the Alleged Agreements." Plaintiff further objects to Interrogatory No. 10 to the extent that it seeks information protected by the attorney/client privilege- work-product doctrine, or other applicable privileges. Plaintiff further objects to this request to the extent that it seeks information that is duplicative of Interrogatory Nos. 4, 5, and 6.

12

Subject to and without waiving the General or Specific Objections, Plaintiff responds that the Parker (on behalf of himself and Red Mango) verbally discussed the Alleged Agreements with the following nonparties between August 2019 and the present, not including attorneys:  Yousra Bellamine; Paul Kessler; Kevin Washington; Joseph Miller; Dylan Sellers; Chi Kan Tang; Edward Ting; Jun De Lee.

**INTERROGATORY NO. 11: Identify all meetings of Red Mango's shareholders, directors, and/or officers at which any of the following was discussed: Souki, Tellurian, Tellurian Securities, and/or the Alleged Agreements. Your answer to this interrogatory should include the date and location of each such meeting, the names of the attendees, and the general substance of what was allegedly discussed regarding the above-described subjects.**

Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff specifically objects to Interrogatory No. 11 as overbroad and unduly burdensome because it asks Plaintiff to identify "all meetings of Red Mango's shareholders, directors, and/or officers" at which a number of topics could have been discussed.

Subject to and without waiving the General or Specific Objections, Plaintiff responds that no meetings of Red Mango's shareholder, directors, and/or officers have occurred.

**INTERROGATORY NO. 12: Identify all trusts (including the Parker Irrevocable Trust) that have held any of your shares of Tellurian stock. Your answer to this interrogatory should include (a) each such trust's name, address, telephone number, email address, place of formation, and (b) the names, addresses, phone numbers, and email addresses of each trustee and beneficiary of each such trust.**

Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff specifically objects to Interrogatory No. 12 as overbroad and unduly burdensome because it asks Plaintiff to identify "all trusts."  Plaintiff further objects to Interrogatory No. 12 to the extent that it seeks the confidential information of third parties and that such information is not proportional to the needs of the case.

Subject to and without waiving the General or Specific Objections, Plaintiff responds that the following trusts have held Plaintiff's shares of Tellurian stock:

- Christopher Parker Irrevocable Trust
  - Place of formation:  Bahamas
  - Trustee:  Rhone Trustees (Bahamas) Ltd., Lyford Cay House, Western Road, P.O. Box SP 63131, Nassau, Bahamas, (242) 702-4050.
  - Beneficiaries:  Beverley Huttley, Elizabeth Hodkin, and Andrew William Howarth.

## <u>VERIFICATION</u>

The undersigned, Maria Victoria Armas, has read the foregoing Responses to Defendant's Interrogatories, and the answers contained therein are true to the best of his knowledge, information, and belief.

Dated:  June __21__, 2022

_____
Maria Victoria Armas

Dated: June 21, 2022

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By:   */s/* Matthew L. Schwartz____
Jonathan D. Schiller
Matthew L. Schwartz
Lauren M. Goldman
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
jschiller@bsfllp.com
mlschwartz@bsfllp.com
lgoldman@bsfllp.com