# EXHIBIT 19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00165-WJM-MDB

CHRISTOPHER PARKER, and
RED MANGO ENTERPRISES LTD.,

        Plaintiffs,

   v.

CHARIF SOUKI,

        Defendant.

---

## DEFENDANT CHARIF SOUKI'S OJBECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

---

Defendant Charif Souki by and through his attorneys, in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court, answers and objects to the First Set of Requests for Admission (the "Requests") served by Plaintiffs Christopher Parker and Red Mango Enterprises, Ltd. ("Plaintiffs") as follows:

### PRELIMINARY STATEMENT

1. Mr. Souki's answers to Plaintiffs' Requests are made to the best of his knowledge, information, and belief. Mr. Souki reserves the right to amend or supplement his answers at any time.

2. In responding to Plaintiffs' Requests, Mr. Souki does not thereby agree that any of the information sought by any of the Requests or any answer thereto is relevant or admissible.

Mr. Souki's answers are subject to and without waiver of any objections as to relevance, materiality, privilege, or admissibility of any of the information referred to or of the answers given here, of the subject matter thereof, in this or any other proceeding.

3. These answers are given without prejudice to Mr. Souki's right to rely on or use, at trial or other judicial proceedings, subsequently discovered facts, documents, or information, or facts, documents, and information omitted from these answers as a result of mistake, error, oversight, or inadvertence. Mr. Souki further reserves the right to produce additional facts, documents, and information as evidence at trial, or other judicial proceedings, and to object on appropriate grounds to the introduction of all or any portion of this response.

4. "Lawsuit" means the above-captioned lawsuit currently pending in the United States District Court for the District of Colorado, Civil Action No. 1:22-cv-00165-WJM-MDB.

<u>**GENERAL OBJECTIONS**</u>

Mr. Souki incorporates the Preliminary Statement and the following General Objections into each and every answer, and each answer is made without waiving these objections. Mr. Souki's answers are subject to and do not waive the following General Objections, regardless of whether a General Objection or specific objection is stated in the answer.

1. Mr. Souki objects to each Instruction, Definition, and Request to the extent it purports to impose obligations or requirements on Defendant beyond those imposed by Federal Rules of Civil Procedure, the Local Rules of this Court, any court governing discovery in this case, or the parties' agreed discovery protocol.

2. Mr. Souki objects to each Request to the extent that it seeks information that is irrelevant, unduly burdensome, disproportionate to the needs of the case, or harassing.

3. Mr. Souki objects to each Request to the extent that it seeks information already available to Plaintiffs, available from public court or agency records, or otherwise in the public domain and accessible to each party, or where the burden of deriving or ascertaining the responsive information from those documents is substantially the same for Mr. Souki as it is for Plaintiffs.

4. Mr. Souki objects to each Request to the extent that it purports to require Mr. Souki to identify, gather, review, and produce evidence to Plaintiffs before the expiration of applicable discovery deadlines contrary to applicable discovery rules. Mr. Souki will identify, gather, review, and produce evidence to Plaintiffs pursuant to the discovery rules.

5. Mr. Souki objects to each Request to the extent it seeks information that is protected by attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Mr. Souki hereby asserts all applicable privileges, protections, and immunities. Mr. Souki intends to preserve all privileges and/or immunities to the fullest extent, and any disclosure of such information in any answer to these Requests shall be deemed inadvertent and shall not waive those privileges, protections, or immunities.

6. Mr. Souki objects to the Requests to the extent that they assume disputed facts or legal conclusions, which Mr. Souki denies.

Subject to and without waiving the General and Specific Objections set forth herein, Mr. Souki will provide answers based on the information reasonably available to him at this time

and reserves the right to modify or supplement his answers as further information becomes available in accordance with the Federal Rules of Civil Procedure.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Mr. Souki objects to Definition 2 ("Agreements") as vague, ambiguous, and impossible for Mr. Souki to know or comprehend because he denies any agreement with Plaintiffs.

2.     Mr. Souki objects to Definition 7 ("Red Mango") as vague, ambiguous, and impossible for Mr. Souki to know or comprehend because he is not familiar with any Red Mango entities, and overbroad, as the definition purports to include "all predecessors, successors, parents, affiliates, divisions, or direct or indirect subsidiaries and their respective present and former officers, directors, employees, consultants, partners, agents, attorneys, accountants, auditors, advisors, and other person acting or purporting to act on behalf of any of the foregoing."

3.     Mr. Souki objects to Definition 9 ("You," "Your," "Defendant" or "Souki") as overbroad to the extent it includes "any employee, agent, attorney, consultant, investigator, related entities or other representative of Charif Souki," which are not reasonably within the scope of discovery.

4.     Mr. Souki objects to Definition 10 ("Tellurian") as overbroad to the extent it includes "predecessors, successors, parents, affiliates, divisions, or direct or indirect subsidiaries, and their respective present and former officers, directors, employees, consultants, partners, agents, attorneys, accountants, auditors, advisors, and other persons acting or purporting to act on behalf of any of the foregoing."

4

## ANSWERS AND OBJECTIONS TO FIRST SET OF REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that You sent and received the following text messages attached hereto as Exhibit A:

a) On August 17, 2019, You sent a text message to Parker which reads: "Chris, How much stock do you have and what is your basis?"

b) On August 17, 2019, You received a text message from Parker, which reads: "5.5m shares and my net is circa 830 now[.] I'm not at my computer so it's around that price."

c) On August 17, 2019, You sent a text message to Parker, which reads: "Ok, Please keep this text. I will guaranty your capital by dec 2020. I'll make up any capital deficiency you have at that date. Thanks for your help and confidence."

d) On August 17, 2019, You received a text message from Parker, which reads: "Ok pal I got confidence in you, always here to lend an ear or advice if needed, let's catch up in sept. for dinner."

### ANSWER:

Mr. Souki admits that he sent and received the text messages attached to the Requests as Exhibit A, many of which are not specifically referenced or described in the body of this Request, but he denies that the text messages somehow form an agreement between him and Parker or Red Mango (which is not referenced anywhere in the text messages).

### REQUEST FOR ADMISSION NO. 2:

Admit you sent and received the following emails, attached hereto as Exhibit B:

a) On August 25, 2020, You received an email from Maria Victoria Armas, which included a detailed breakdown of Plaintiffs' holdings in Tellurian, including the dates and average price per share for various transactions.

b) On August 26, 2020, You sent an email to Maria Victoria Armas acknowledging receipt of the email and information sent by Maria Victoria Armas on August 25, 2020 by replying "Thank you."

**ANSWER:**

Mr. Souki admits that he sent and received the emails attached to the Requests as Exhibit B, one of which is not specifically described or referenced in the body of this Request, but he denies that the characterization of those emails in the body of this Request is correct or accurate. In particular, Mr. Souki denies that the emails attached as Exhibit B include any reference to Red Mango or any breakdown of Red Mango's holdings in Tellurian.

**REQUEST FOR ADMISSION NO. 3:**

Admit that You received an email from Parker on February 19, 2021, that included an attachment titled "Put Option Agreement," both of which are attached hereto as Exhibit C.

**ANSWER:**

Mr. Souki admits that he received the emails and the attachment that are attached to the Requests as Exhibit C, but he denies that the attachment is titled "Put Option Agreement" (at least as it's referenced in the "Attachments" line in the email). Mr. Souki further denies that he reviewed the attachment or that he ever agreed to its proposed terms.

**REQUEST FOR ADMISSION NO. 4:**

Admit that in early 2021, You met with Parker in Aspen, Colorado.

**ANSWER:**

Mr. Souki objects that the phrase "early 2021" is vague and ambiguous. Subject to and without waiving this objection, Mr. Souki admits that he met with Parker in Aspen, Colorado in 2021, but he does not remember the date of any such meeting and therefore denies the request on that basis.

**REQUEST FOR ADMISSION NO. 5:**

Admit that in early 2021, You met with Parker in Aspen, Colorado and during that meeting you discussed the Put Option Agreement.

**ANSWER:**

Mr. Souki objects that the phrases "early 2021" and "Put Option Agreement" are vague and ambiguous. Subject to and without waiving these objections, Mr. Souki admits that he met with Parker in Aspen, Colorado in 2021, but he does not remember the date of any such meeting and therefore denies the request on that basis. Mr. Souki further denies that he and Parker discussed a Put Option Agreement at any such meeting because no such agreement existed.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You have not made any payment to either Plaintiff at any time to compensate them for losses suffered as a result of their investment in Tellurian.

**ANSWER:**

Mr. Souki objects that the phrase "losses suffered as a result of their investments in Tellurian" is vague, ambiguous, and overly broad and assumes fact not in evidence. Subject to and without waiving these objections, Mr. Souki admits that he has not made any payment to either Plaintiff, but he denies that he made any agreement or promise to make any payment to either Plaintiff.

**REQUEST FOR ADMISSION NO. 7:**

Admit that every time Parker mentioned the Agreements to You prior to the filing of this lawsuit, including via text message, You never denied their existence.

**ANSWER:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You did not disclose the Agreements to Your banks or lenders.

**ANSWER:**

Mr. Souki denies the existence of any Agreements between him and either Plaintiff and admits that he did not disclose to his banks or lenders the existence of any non-existent agreements.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You intended not to pay any money to either Plaintiff to compensate them for losses suffered as a result of their investments in Tellurian.

**ANSWER:**

Mr. Souki objects that the phrase "losses suffered as a result of their investments in Tellurian" is vague, ambiguous, and overly broad and assumes fact not in evidence. Subject to and without waiving these objections, Mr. Souki admits that he did not intend to pay any money to either Plaintiff, but he denies that he made any agreement or promise to make any payment to either Plaintiff.

Dated: February 8, 2023

*/s/ Timothy S. McConn*

Michael L. O'Donnell
Marissa S. Ronk
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:     303.244.1800
Facsimile:     303.244.1879
Email: odonnell@wtotrial.com
          ronk@wtotrial.com

and

Timothy S. McConn
Texas State Bar No. 24032713
R. Paul Yetter
Texas State Bar No. 22154200
Tyler P. Young
Texas State Bar No. 24129144
Bonnie C. Fraase
Texas State Bar No. 24116161
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, TX 77002
Telephone:     713.632.8000
Email: tmcconn@yettercoleman.com
Email: pyetter@yettercoleman.com
Email: tyoung@yettercoleman.com
Email: bfraase@yettercoleman.com

Attorneys for Defendant, Charif Souki

## CERTIFICATE OF SERVICE

I certify that on February 8, 2023, a true and correct copy of the foregoing has been electronically served on all counsel of record.

*/s/ Bonnie C. Fraase*

Bonnie C. Fraase