# EXHIBIT 22

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00165-WJM-MDB

CHRISTOPHER PARKER, and
RED MANGO ENTERPRISES LTD.,

        Plaintiffs,

   v.

CHARIF SOUKI,

        Defendant.

---

## DEFENDANT CHARIF SOUKI'S OJBECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

Defendant Charif Souki by and through his attorneys, in accordance with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, answers and objects to Plaintiffs Christopher Parker and Red Mango Enterprises, Ltd.'s ("Plaintiffs") First Set of Interrogatories (the "Interrogatories") as follows:

### PRELIMINARY STATEMENT

1. Mr. Souki's answers to Plaintiffs' Interrogatories are made to the best of his knowledge, information, and belief. Mr. Souki reserves the right to amend or supplement his answers at any time.

2. In responding to Plaintiffs' Interrogatories, Mr. Souki does not thereby agree that any of the information sought by any of the Interrogatories or any answer thereto is relevant or

admissible. Mr. Souki's answers are subject to and without waiver of any objections as to relevance, materiality, privilege, or admissibility of any of the information referred to or of the answers given here, of the subject matter thereof, in this or any other proceeding. Mr. Souki objects to all of the Interrogatories to the extent they exceed the permissible scope of discovery.

3.     These answers are given without prejudice to Mr. Souki's right to rely on or use, at trial or other judicial proceedings, subsequently discovered facts, documents, or information, or facts, documents, and information omitted from these answers as a result of mistake, error, oversight, or inadvertence. Mr. Souki further reserves the right to produce additional facts, documents, and information as evidence at trial, or other judicial proceedings, and to object on appropriate grounds to the introduction of all or any portion of this response.

4.     No specific objection to any Interrogatory is to be construed as a waiver of any General Objection or objection to the Definitions and Instructions applicable to the Interrogatory.

5.     "Lawsuit" means the above-captioned lawsuit currently pending in the United States District Court for the District of Colorado, Civil Action No. 1:22-cv-00165-WJM-MDB.

<b><u>GENERAL OBJECTIONS</u></b>

Defendant incorporates the Preliminary Statement and the following General Objections into each and every answer, and each answer is made without waiving these objections. Defendant's answers are subject to and do not waive the following General Objections, regardless of whether a General Objection or specific objection is stated in the answer.

1.     Mr. Souki objects to each Instruction, Definition, and Interrogatory to the extent it purports to impose obligations or requirements on Defendant beyond those imposed by Federal

Rules of Civil Procedure, the Local Rules of this Court, any court governing discovery in this case, or the parties' agreed discovery protocol.

2. Mr. Souki objects to each Interrogatory to the extent that it seeks information that is irrelevant, unduly burdensome, disproportionate to the needs of the case, or harassing.

3. Mr. Souki objects to each Interrogatory to the extent that it seeks information already available to Plaintiffs, available from public court or agency records, or otherwise in the public domain and accessible to each party, or where the burden of deriving or ascertaining the responsive information from those documents is substantially the same for Mr. Souki as it is for Plaintiffs.

4. Mr. Souki objects to each Interrogatory to the extent that it purports to require Mr. Souki to identify, gather, review, and produce evidence to Plaintiffs before the expiration of applicable discovery deadlines contrary to applicable discovery rules. Mr. Souki will identify, gather, review, and produce evidence to Plaintiffs pursuant to the discovery rules.

5. Mr. Souki objects to each Interrogatory to the extent it seeks information that is protected by attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Mr. Souki hereby asserts all applicable privileges, protections, and immunities. Mr. Souki intends to preserve all privileges and/or immunities to the fullest extent, and any disclosure of such information in any answer to these Interrogatories shall be deemed inadvertent and shall not waive those privileges, protections, or immunities.

6. Mr. Souki objects to the Interrogatories to the extent that they assume disputed facts or legal conclusions, which Mr. Souki denies. Any answer that Mr. Souki provides herein to any such Interrogatory is without prejudice to this objection.

Subject to and without waiving the General and Specific Objections set forth herein, Mr. Souki will provide answers based on the information reasonably available to him at this time and reserves the right to modify or supplement his answers as further information becomes available in accordance with the Federal Rules of Civil Procedure.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Mr. Souki objects to Definition 10 ("Red Mango") as vague, ambiguous, and impossible for Mr. Souki to know or comprehend because he is not familiar with any Red Mango entities, and overbroad, as the definition purports to include "all predecessors, successors, parents, affiliates, divisions, or direct or indirect subsidiaries and their respective present and former officers, directors, employees, consultants, partners, agents, attorneys, accountants, auditors, advisors, and other person acting or purporting to act on behalf of any of the foregoing."

2. Mr. Souki objects to Definition 13 ("You," "Your," "Defendant" or "Souki") as overbroad to the extent it includes "any employee, agent, attorney, consultant, investigator, related entities," which are not reasonably within the scope of discovery.

## ANSWERS AND OBJECTIONS TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe all transactions involving Tellurian Securities that You personally own or owned. For each such transaction, Your answer to this Interrogatory should include (a) the date of the transaction, (b) the type of transaction (buy, sell or otherwise), (c) the type and number of Securities transacted, (d) the price/consideration received or paid, and (e) the name of any brokerage, bank, or financial institution involved.

**ANSWER:**

Mr. Souki objects that this Interrogatory seeks information not relevant to the claims and defenses in the Lawsuit. Further, it is overbroad and not proportionate to the needs of the case.

Subject to and without waiving the foregoing objections, Mr. Souki responds that details of his transactions involving any class of Tellurian stock are or will be publicly available in filings with the Securities Exchange Commission. Accordingly, Mr. Souki directs Plaintiffs to the searchable records at www.sec.gov/edgar. *See* Fed. R. Civ. P. 26(b)(1) (the parties' "relative access to relevant information" should be considered in discovery scope).

**INTERROGATORY NO. 2:**

Describe all transactions involving Tellurian Securities that were or are owned by a corporation, partnership, limited liability corporation, trust, or other business entity with which You were affiliated at the time of the transaction. For each such transaction, Your answer to this Interrogatory should include (a) the date of the transaction, (b) the type of transaction (buy, sell,

or otherwise), (c) the type and number of Securities transacted, (d) the price/consideration received or paid, and (e) the name of any brokerage, bank, or financial institution involved.

**ANSWER:**

Mr. Souki objects that this Interrogatory seeks information not relevant to the claims and defenses in the Lawsuit. Further, it is overbroad and not proportionate to the needs of the case to the extent it inquires as to transactions conducted by a "corporation, partnership, limited liability corporation, trust, or other business entity with which You were affiliated at the time of the transaction." An example illustrates the Interrogatory's gross overbreadth: as Tellurian's Co-founder and Executive Chairman of the Board, Mr. Souki is "affiliated" with Tellurian, but it would be impossible for Mr. Souki to "describe" every transaction of Tellurian stock in which Tellurian itself has been involved. Discovery reaching such a broad swath of transactions is not proportionate or relevant to the claims at issue here. Mr. Souki further objects that the phrase "with which You were affiliated" in this Interrogatory is vague and ambiguous.

Subject to and without waiving the foregoing objections, Mr. Souki responds that the details of all transactions controlled by Mr. Souki that involve any class of Tellurian stock – including those made by the 2016 Souki Family Trust prior to Mr. Souki's resignation as trustee in 2020 – are or will be publicly available in filings with the Securities Exchange Commission. Accordingly, Mr. Souki directs Plaintiffs to searchable public records at www.sec.gov/edgar. *See* Fed. R. Civ. P. 26(b)(1) (the parties' "relative access to relevant information" should be considered in discovery scope).

**INTERROGATORY NO. 3:**

Identify all financial institutions, brokerage firms, banks, trusts, and trading companies that have been involved in the acquisition, divestiture, and/or housing of Tellurian Securities on Your behalf and/or on behalf of any entity with which you are, were, or have been affiliated. For each such institution, Your answer should include (a) the name, address, and phone number of the institution, and (b) the name(s) and account number(s) associated with each account at each such institution that relate to the Tellurian Securities.

**ANSWER:**

Mr. Souki objects that this Interrogatory seeks information not relevant to the claims and defenses in the Lawsuit. Further, it is overbroad and not proportionate to the needs of the case. Mr. Souki also objects that the phrase "with which You are, were, or have been affiliated" in this Interrogatory is vague and ambiguous.

Subject to and without waiving the foregoing objections, Mr. Souki responds that with respect to the portion of this Interrogatory that relates to trusts, he incorporates his answer to Interrogatory No. 2 as if fully set forth herein.

**INTERROGATORY NO. 4:**

Identify all legal, investment, and/or financial professionals, advisors, consultants, and/or firms with whom you and/or your representatives, agents, or employees have consulted regarding Tellurian, Tellurian Securities, the Agreements, strategies related to buying or selling of Tellurian Securities, and/or strategies or options for protecting against or minimizing any risks associated with owning or trading Tellurian Securities. Your answer should include each such person or

entity's name, address, telephone number, and email address, as well as the dates on which you consulted each of them regarding the subject matter described herein.

**ANSWER:**

Mr. Souki objects that this Interrogatory seeks information not relevant to the claims and defenses in the Lawsuit. Further, it is overbroad and not proportionate to the needs of the case. While Plaintiffs' investment decisions and advice related to those decisions are relevant to this case because their decisions to buy and hold Tellurian stock are directly at issue, and they are claiming tens of millions of dollars in damages as a result of those alleged decisions, Mr. Souki's investment decisions and trading strategies are not relevant to the disputed facts in this matter, most notably whether the parties entered into a binding and enforceable agreement.

Subject to and without waiving the foregoing objections, Mr. Souki responds that, before receiving Plaintiffs' demand letter, Mr. Souki consulted no persons regarding the "Agreements" because there was no agreement. Since receiving Plaintiffs' demand letter, Mr. Souki engaged undersigned counsel to represent him in this dispute.

**<u>INTERROGATORY NO. 5:</u>**

Identify and describe all meetings and oral communications between You and Parker or Red Mango concerning Tellurian, the Tellurian Shares, and/or the Agreements. For each such meeting or communication, please include the date of the meeting or communication, the location of the meeting or communication, the attendees, whether any document refers to or memorializes the substance of the meeting or communication, and the general subject matter of what was discussed and by whom in the meeting or communication.

**ANSWER:**

Mr. Souki responds that he was not aware of Red Mango's existence until he received Plaintiffs' demand letter in October 2021, and therefore never knowingly met or communicated with Red Mango and certainly did not enter into any agreement with Red Mango. Mr. Souki further responds that he generally recalls a number of meetings, phone calls, and text messages with Mr. Parker, including meetings in Aspen, Colorado; Los Angeles, California; and St. Tropez, France, some of which are referenced in text messages between Mr. Parker and Mr. Souki. But Mr. Souki has no exact recollection of the dates. Mr. Souki does recall that he and Mr. Parker discussed the general situation of natural gas globally, what was happening at Tellurian, and various ways Mr. Parker could invest in Tellurian. Mr. Souki is not presently aware of any documents that refer to or memorialize the substance of these meetings.

**INTERROGATORY NO. 6:**

Identify and describe all meetings and oral communications between You and any non-party to this lawsuit regarding Parker, Red Mango, the Tellurian Shares, and/or the Agreements. For each such meeting or communication, please include the date of the meeting or communication, the location of the meeting or communication, the attendees, whether any document refers to or memorializes the substance of the meeting or communication, and the general subject matter of what was discussed and by whom in the meeting or communication.

**ANSWER:**

Mr. Souki objects that this Interrogatory is overly broad, disproportionate to the needs of the case, and seeks information not relevant to the claims and defenses in the Lawsuit to the extent

it seeks information related to "all meetings and oral communications . . . regarding . . . the Tellurian Shares." As co-founder and Executive Chairman of Tellurian, Mr. Souki has attended many meetings and made many public statements over the years related to Tellurian's market performance and could not possibly identify and describe all such meetings and communications, most if not all of which had nothing to do with this case. For example, on Tellurian Inc.'s YouTube channel Mr. Souki provides regular "oral communications" addressing Tellurian's market performance. Such content is accessible at https://www.youtube.com/c/TellurianInc. *See* Fed. R. Civ. P. 26(b)(1) (the parties' "relative access to relevant information" should be considered in discovery scope).

Subject to and without waiving the foregoing objections, Mr. Souki responds that prior to receiving Plaintiffs' demand letter in October 2021, he did not meet or communicate with anyone regarding Red Mango or the Agreements because he was not aware of Red Mango's existence and there are no Agreements. Mr. Souki further responds that he generally recalls the following with respect to communications and meetings with non-parties regarding Mr. Parker:

| Communication with: | General substance of the communication: |
|---|---|
| Paul Kessler | Mr. Kessler's introduction of Mr. Parker to Mr. Souki |
| Tarek Souki | Tarek Souki's meeting with Mr. Parker in London, England regarding Tellurian |
| Tellurian's investor relations personnel (names not recalled) | Tellurian investor relations materials for Mr. Parker |

10

Apart from the information provided above, Mr. Souki does not recall the dates, locations, or attendees of these meetings or communications. He also does not have any documents – beyond the text messages produced in this case – that memorialize the substance of the meetings or communications in his custody, possession, or control, and he does not know whether any other such document exists.

**INTERROGATORY NO. 7:**

Identify each company, corporation, partnership, limited liability corporation, and/or other business entity in which You hold or have held a direct or beneficial ownership interest that owns or has owned, or controls or has controlled, Tellurian Securities, including the name of each such entity, its address, and the jurisdiction under whose laws it was incorporated or formed.

**ANSWER:**

Mr. Souki objects that this Interrogatory seeks information not relevant to the claims and defenses in the Lawsuit. Further, it is overbroad and not proportionate to the needs of the case. Mr. Souki further objects that the phrase "controls or has controlled" in this Interrogatory is vague and ambiguous.

Subject to and without waiving the foregoing objections, Mr. Souki responds that he has held, and continues to hold, a direct or beneficial ownership interest in Tellurian and Tellurian has owned and/or controlled Tellurian Securities. Relevant details regarding such ownership and control are publicly available in filings with the Securities Exchange Commission and Mr. Souki

directs Plaintiffs to the searchable records at www.sec.gov/edgar. *See* Fed. R. Civ. P. 26(b)(1) (the parties' "relative access to relevant information" should be considered in discovery scope).

**INTERROGATORY NO. 8:**

Identify all trusts that have held any of Your Tellurian Securities. Your answer to this interrogatory should include (a) each such trust's name, address, telephone number, email address, place of formation, and (b) the names, addresses, phone numbers, and email addresses of each trustee and beneficiary of each such trust.

**ANSWER:**

Mr. Souki objects that this Interrogatory seeks information not relevant to the claims and defenses in the Lawsuit. Further, it is overbroad and not proportionate to the needs of the case. Mr. Souki further objects that the phrase "Your Tellurian Securities" in this Interrogatory is vague and ambiguous given the way Plaintiffs have defined those terms. Subject to and without waiving the foregoing objections, Mr. Souki identifies the Souki Family 2016 Trust.

**INTERROGATORY NO. 9:**

Identify all persons or institutions You believe or once believed are or were involved in a short-selling campaign involving Tellurian Securities. For each person and/or institution, provide the name, address, telephone number, and email address.

**ANSWER:**

Mr. Souki objects that this Interrogatory seeks information not relevant to the claims and defenses in the Lawsuit. Further, it is overbroad and not proportionate to the needs of the case. Mr.

Souki further objects that the phrase "a short-selling campaign involving Tellurian Securities" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Mr. Souki's thoughts with respect to short-selling activity are well-known and publicly available, as reflected in press coverage[1] and on Tellurian's YouTube channel (accessible at: https://www.youtube.com/c/TellurianInc). *See* Fed. R. Civ. P. 26(b)(1) (the parties' "relative access to relevant information" should be considered in discovery scope).

**INTERROGATORY NO. 10:**

Describe every loan that You have secured during the Relevant Period, including loans for which You pledged Tellurian Securities. For each loan (a) state the name, address, and telephone number of every person, entity or financial institution from which You secured the loan, (b) the date on which the loan was secured, (c) the nature of the liability such as whether it was personal or on behalf of an entity with which You are affiliated, (d) the value of the loan, and (e) any collateral securing the loan, including Tellurian Securities.

**ANSWER:**

Mr. Souki objects that this Interrogatory seeks information not relevant to the claims and defenses in the Lawsuit. Further, it is overbroad and not proportionate to the needs of the case.

---

[1] *See, e.g.*, Sergio Chapa, *Tellurian's Souki Blasts Short Sellers After LNG Developer Drops*, BLOOMBERG NEWS: COMMODITIES (Apr. 20, 2021), https://www.bnnbloomberg.ca/tellurian-s-souki-blasts-short-sellers-after-lng-developer-drops-1.1592869.

Subject to and without waiving the foregoing objections, Mr. Souki responds that his personal finances, including any loans he may have personally obtained, have nothing to do with the factual issues in dispute in this case, *i.e.*, whether he and Plaintiffs entered into a binding and enforceable agreement, how any such agreement should be interpreted, or whether Plaintiffs suffered any alleged damages. Nevertheless, Mr. Souki responds that it is public knowledge, through filings with the Securities Exchange Commission, that he has pledged 25,000,000 shares of Tellurian common stock as part of a collateral package to secure a loan for certain real estate investments. The details of that loan are not relevant to this case.

**INTERROGATORY NO. 11:**

Identify any persons or entities to whom You, or any entity listed in response to Interrogatories 7 and 8, made any offer, suggestion, or proposal to indemnify, guarantee, or otherwise compensate for losses or capital deficiencies associated with any class of Tellurian Securities. For each person or entity provide (a) their name, address, telephone number, and email address, (b) the date upon which any such offer, suggestion, indemnity, guarantee, or promise was made, and (c) a description of the offer, suggestion indemnity guarantee, or promise including the estimated value and performance date.

**ANSWER:**

Mr. Souki objects that this Interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information not relevant to the claims and defenses in the Lawsuit. Further, the phrase "any offer, suggestion, proposal to indemnify,

guarantee, or otherwise compensate for losses or capital deficiencies" in this Interrogatory is vague and ambiguous.

Subject to and without waiving the foregoing objections, Mr. Souki responds that neither he nor the Souki Family 2016 Trust has ever made any such offer, suggestion, or proposal.

**INTERROGATORY NO. 12:**

Identify every person to whom you disclosed one or both of the Agreements and the date, location, and method of each disclosure.

**ANSWER:**

None, because Mr. Souki never made an agreement with Plaintiffs.

**INTERROGATORY NO. 13:**

Identify all affirmative defenses You will assert in this action and all facts that support those affirmative defenses.

**ANSWER:**

At this time, Mr. Souki has not asserted any affirmative defenses. If and when affirmative defenses are asserted, Mr. Souki will supplement this Interrogatory response, pursuant to Federal Rule of Civil Procedure 26(e).

Dated: August 31, 2022

*/s/ Timothy S. McConn*

Michael L. O'Donnell
Marissa S. Ronk
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:     303.244.1800
Facsimile:     303.244.1879
Email: odonnell@wtotrial.com
        ronk@wtotrial.com

and

Timothy S. McConn
Texas State Bar No. 24032713
R. Paul Yetter
Texas State Bar No. 22154200
Tyler P. Young
Texas State Bar No. 24129144
Bonnie C. Fraase
Texas State Bar No. 24116161
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, TX 77002
Telephone:     713.632.8000
Email: tmcconn@yettercoleman.com
Email: pyetter@yettercoleman.com
Email: tyoung@yettercoleman.com
Email: bfraase@yettercoleman.com

Attorneys for Defendant, Charif Souki

## CERTIFICATE OF SERVICE

I certify that on August 31, 2022, a true and correct copy of the foregoing has been electronically served on all counsel of record.

*/s/ Bonnie C. Fraase*

Bonnie C. Fraase

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00165-WJM-MDB

CHRISTOPHER PARKER, and
RED MANGO ENTERPRISES LTD.,

      Plaintiffs,

  v.

CHARIF SOUKI,

      Defendant.

---

## VERIFICATION

I, Charif Souki, hereby declare as follows:

1.     I am over the age of 18 years, fully competent to testify to the matters stated in this verification and have personal knowledge of the facts stated in this verification, which are true and correct.

2.     I have read Defendant Charif Souki's Objections and Answers to Plaintiffs' First Set of Interrogatories (the "Responses").

3.     The factual statements contained in the Responses are within my personal knowledge and are true and correct, except to the degree such statements are legal conclusions or are based on information obtained from other persons, which is not within my personal knowledge.

EXECUTED on August 30, 2022

_____
Charif Souki

2