IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0165-WJM-MDB

CHRISTOPHER PARKER, and
RED MANGO ENTERPRISES LTD.,

    Plaintiffs,

v.

CHARIF SOUKI,

    Defendant.

## ORDER DENYING DEFENDANT SOUKI'S RULE 702 MOTION

Before the Court is Defendant Charif Souki's Rule 702 motion to exclude ("Motion") certain testimony of Seth Flieger, Plaintiffs Christopher Parker and Red Mango Enterprises Ltd.'s ("Red Mango") (jointly, "Plaintiffs") damages expert. (ECF No. ECF No. 159.) Plaintiffs filed a response, to which Souki filed a reply. (ECF Nos. 168, 169.) For the following reasons, the Motion is denied.

The parties are familiar with the underlying facts of this case by way of the Court's Order denying Souki's motion to dismiss and its Order granting in part and denying in part the parties' cross motions for summary judgment. (ECF No. 102, 170.) The Court incorporates that background here.

Souki moves to exclude Fliegler's proffered opinion that Plaintiffs' damages stemming from their February 2021 breach of contract claim amounts to $29,287,387. (*See generally* ECF No. 159; *see also* ECF No. 159-5 at 10.) Souki contends that Fliegler's opinion is "inherently unreliable and untrustworthy" under Rule 702 because it

is based on Plaintiffs' unsupported assertion that the February 2021 agreement covered 5,371,490 shares.  (*Id.* at 2.)  According to Souki, that number of shares is inaccurate because Parker testified at his deposition that the parties agreed to be bound by the terms listed in the draft Put Option Agreement, which undisputedly purported to cover a different number of shares than the August 2019 agreement: 5,881,238.  (*Id.*; ECF No. 126-11 at 3.)  Hence, in Souki's view, Fliegler's damages opinions are infirm because they are based on nothing but Plaintiffs' contradictory deposition testimony and their "counsel's own say-so."  See *Metals v. Ken-Mac Metals, Inc.*, 2004 WL 7318823, at *2 (W.D. Okla. 2004) (requiring experts to attempt to corroborate the assumptions provided by a party or counsel).  (*See* ECF No. 159 at 7 (asserting that Fliegler "adopted an alternative number of shares and purchase price which are the core underpinnings of his damages opinion").)

The Court begins by making two observations.  First, Souki's Motion recycles many of the same arguments he raised at the summary judgment stage.  (*See, e.g.*, ECF No. 161 at 4 (relitigating the terms and legal consequences of the alleged February 2021 agreement).)  In this way, it functions as an attempt at a second bite of the summary judgment apple.  See *Wells Fargo Bank, N.A. v. Stewart Title Guar. Co.*, 2020 WL 6451963, at *3 (D. Utah Nov. 3, 2020) (observing that some "challenges under Rule 702 [] are better suited for summary judgment").  Second, if Souki's position that the record evidence supports only the theory that he and Red Mango orally agreed to be bound by each and every specific term listed in the Put Option Agreement, that would mean that Fliegler's proffered damages calculations are inaccurate because they are *too low*.  The unsigned draft Put Option Agreement, which the parties agree is not

2

legally binding, purported to obligate Souki to guarantee roughly 500,000 *more shares* than he was allegedly obligated to guarantee pursuant to the alleged August 2019 agreement.

These observations aside, the Motion fails because the central premise of Souki's argument is flawed. In truth, competent record evidence supports Plaintiffs' theory that the parties did not orally agree to be bound by all of the terms listed in the Put Option Agreement; instead, Plaintiffs submit that the parties agreed to "*certain* new terms" contained therein. (ECF No. 102 at 9 (emphasis added).) As the Court observed in its summary judgment Order, "Parker substantiated this view at his deposition, attesting that Souki '*agreed to extend the guarantee out* and apply a daily interest . . . to my loss of keeping the stock.'" (ECF No. 170 at 25 (emphasis added).) Parker "also confirmed that the stocks allegedly covered by the August 2019 agreement 'related to the same universe of stock or shares that is' allegedly subject by the February 2021 agreement." (*Id.*)

Thus, contrary to Souki's claim, Fliegler's damages opinions are not merely based on the unsupported "[a]ssumptions provided by counsel." (ECF No. 161 at 6.) Fliegler's opinions, rather, are supported by sufficient—albeit weak—record evidence. *See White v. General Motors LLC*, 2024 WL 4100855, at *10 (D. Colo. 2024) (declining to exclude expert testimony where there was "adequate evidentiary support" for the assumptions undergirding their opinions); *see also Graystone Funding Co., LLC v. Network Funding, L.P.*, 598 F. Supp. 3d 1228, 1235 (D. Utah 2022) (allowing expert to "assume[] that the facts were as [the plaintiff] alleged in its complaint" because "the role of a damages expert . . . is fundamentally different because damages experts 'calculate

3

hypothetical damages given an assumed set of facts") (citation omitted).

To the extent Souki stresses that Parker repeatedly contradicted his theory that the parties did not agree to be bound by every provision of the draft Put Option Agreement by testifying at his deposition "that the terms of the alleged 2021 agreement are contained in the draft written agreement which Parker presented to Souki at their Aspen meeting," this is prime evidence with which to impeach Plaintiffs and challenge Fliegler's proffered opinions. (*Id.* at 4.) But it is not grounds to exclude Fliegler's damages opinions as to the February 2021 agreement. *See Bimbo Bakeries USA, Inc. v. Sycamore*, 2017 WL 1377991, at *2 (D. Utah Mar. 2, 2017) ("Excluding expert testimony is the exception rather than the rule, and often times the appropriate means of attacking shaky but admissible evidence is through vigorous cross-examination, and the presentation of contrary evidence.").

Given this conclusion, the Court need not resolve the parties' dispute regarding whether the Motion was untimely under the undersigned's Revised Practice Standards.

For the foregoing reasons, the Motion is DENIED. (ECF No. 161.)

Dated this 9th day of May, 2025.

BY THE COURT:

William J. Martínez
Senior United States District Judge

4