IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00165-WJM-MDB

CHRISTOPHER PARKER, and

RED MANGO ENTERPRISES LTD.,

Plaintiffs,

v.

CHARIF SOUKI,

Defendant.

## DEFENDANT'S UNOPPOSED MOTION TO RESTRICT ACCESS TO PORTIONS OF DEFENDANT'S MOTION IN LIMINE

Pursuant to Local Rule 7.2, Defendant Charif Souki ("Souki") moves for an order granting Level 1 restriction of public access to confidential testimony quoted in and attached to Defendant Charif Souki's Motion *in Limine*, docket number 176 and its Exhibit 1 ("Confidential Testimony").

### LOCAL RULE 7.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(a), undersigned counsel conferred with Plaintiffs' counsel regarding the relief requested in this motion. Plaintiffs take no position on the relief sought in this motion.

### INTRODUCTION

Plaintiffs Christopher Parker and Red Mango Enterprises, Ltd. are suing Defendant Souki. Plaintiffs invested in Tellurian Inc., a liquefied natural gas company. Souki is the co-founder of Tellurian. Parker and Souki met in 2018 and intermittently communicated over the following

years. The parties dispute whether, during these communications, they formed two agreements by which Souki would indemnify Plaintiffs for any losses on their Tellurian stock. Plaintiffs' claims include: breach of contract, promissory estoppel, fraudulent inducement, and, in the alternative, unjust enrichment.

During a deposition, Plaintiffs questioned Souki regarding the legality of Souki's outreach to potential investors, suggesting wrongdoing that is not related to Plaintiffs' causes of action. The deposition was designated Confidential under the governing Protective Order (Dkt. 30). Defendant quoted portions of this testimony in the Motion *in Limine* and attached supporting excerpts as Exhibit 1. Defendant filed both the motion and exhibit as provisionally restricted documents. Given the sensitive nature of the Confidential Testimony, Souki now moves to permanently restrict public access to it.

### ARGUMENT

Under Local Rule 7.2(c), a motion to restrict must: (1) identify the document for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. D.C.Colo.LCivR. 7.2(c).

Respecting the ***first*** and ***fifth*** elements, Souki requests that the unredacted Motion *in Limine* and Exhibit 1 thereto be limited to the parties and the Court and not be made public (Level 1). *See* Local Rule 7.2(b).

***Second*** and ***third***, Souki's interest in sealing the Confidential Testimony outweighs the presumption of public access and serious injury would result from disclosure of the Confidential Testimony. Indeed, the underlying Motion *in Limine* contends that the Confidential Testimony should not be permitted at trial, as the questions are irrelevant and risk unfair prejudice, issue confusion, and misleading the jury. A public filing would result in similar harms by prejudicing Souki in the public's eye and misleading the public as to the nature of the pending case—a serious injury to anyone and certainly to an international businessperson. Separate and apart from the disputed questions, the public's interest lies with the questions to be presented at trial. And the parties' other filings provide sufficient information to relay such issues. For these reasons, Souki would be injured by public disclosure of the Confidential Testimony and sealing outweighs the presumption of public access.

***Fourth***, no alternative to restriction is practicable given that Exhibit 1 is entirely confidential and directly quoted in the Motion *in Limine*. Accordingly, only the requested Level 1 restriction will adequately protect Souki from the harms of public disclosure. However, to maximize public access, a redacted copy of the Motion *in Limine*—redacting quotations of sensitive information—is on file.

## CONCLUSION

For the foregoing reasons, Souki hereby respectfully requests that the Court restrict public access (Level 1) to the confidential testimony quoted in and attached to Defendant Charif Souki's Motion *in Limine* (Dkt. 176 and its Exhibit 1).

Dated: October 31, 2025

Respectfully submitted,

*/s/ Timothy S. McConn*

Timothy S. McConn
R. Paul Yetter
Tyler P. Young
Daniel N. Nightingale
Bonnie C. Fraase
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, TX 77002
713.632.8000
tmcconn@yettercoleman.com
pyetter@yettercoleman.com
tyoung@yettercoleman.com
dnightingale@yettercoleman.com
bfraase@yettercoleman.com

Attorneys for Defendant, Charif Souki

AND

Michael L. O'Donnell
Marissa S. Ronk
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:    303.244.1800
Facsimile:    303.244.1879
Email:  odonnell@wtotrial.com
          ronk@wtotrial.com

## CERTIFICATE OF SERVICE

I certify that on October 31, 2025, a true and correct copy of the foregoing has been electronically served on all counsel of record.

*/s/ Timothy S. McConn*

Timothy S. McConn