**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-0165-WJM-MDB

CHRISTOPHER PARKER, and
RED MANGO ENTERPRISES LTD.,

      Plaintiffs,

v.

CHARIF SOUKI,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART SOUKI'S MOTION *IN LIMINE***

---

Before the Court is Defendant Charif Souki's Motion *in Limine* ("Motion"). (ECF No. 177.) Plaintiffs Christopher Parker and Red Mango Enterprises Ltd. (jointly, "Plaintiffs") filed a response. (ECF No. 195.) For the following reasons, the Motion is granted in part and denied in part.

## I.     BACKGROUND

The parties are familiar with the underlying facts of this case by way of the Court's Order resolving Souki's motion to dismiss and the parties' cross motions for summary judgment. (ECF Nos. 102, 170.) The Court incorporates that background here.

## II.     APPLICABLE LAW

Motions *in limine* enable courts "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Michael v. Rocky Mountain Festivals, Inc.*,

2019 WL 10011881, at *1 (D. Colo. July 19, 2019) (citation omitted); *see also Ward v. Nat'l Credit Sys., Inc.*, 2024 WL 2846609, at *3 (D. Colo. June 5, 2024) ("Pretrial rulings issued in response to motions in limine can save time during trial as well as cost and effort for the Parties as they prepare their cases.").  Pretrial rulings, however, "are often better left until trial when the Court can assess the question and evidence presented." *Colorado Montana Wyoming State Area Conf. of NAACP v. Smith*, 2024 WL 2939163, at *2 (D. Colo. June 11, 2024) (citing *Vanderheyden v. State Farm Mut. Auto. Ins. Co.*, 2022 WL 4131439, at *2 (D. Colo. Sept. 12, 2022)).

Whether to admit or exclude evidence is a decision that "lies within the sound discretion of the trial court." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994).  The moving party bears the burden of establishing that the "evidence is inadmissible on any relevant ground." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (citation omitted).  Accordingly, the Court may deny a motion *in limine* if the movant fails to set out, with the necessary specificity, the evidence it wishes to have excluded.  *Id.*  Denial of a motion *in limine*, however, does not mean that the evidence will automatically be admitted at trial; rather, "the court may alter its limine ruling based on developments at trial or on its sound judicial discretion," upon a party's timely objection.  *Id.* (quotation omitted).

Under Rule 401 of the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Relevant evidence is generally admissible but may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid.

402.

### III.    ANALYSIS

Souki moves to exclude two categories of evidence: (1) evidence pertaining to

"the legality of his outreach to investors and Tellurian's insider trading policies," and (2)

"two dozen pleadings, transcripts, and related materials from separate bankruptcy

proceedings to which Souki was a party," which are included in Plaintiffs' exhibit list.

(ECF No. 177 at 2, 5.) The Court agrees that, for the most part, this evidence, and the

like, should be excluded.

As to the first category of evidence, Souki seeks to prevent Plaintiffs from

presenting evidence that

- Souki's "investor outreaches were . . . market manipulation";

- he may have had Tellurian's "general counsel's office or the compliance

   function or IR" review his requests to have "friends and high-net-worth

   individuals" "buy Tellurian stock as part of the short squeeze";

- he thought that "put[ting] in a bid for the purpose of influencing stock price"

   was "legal"; and

- probes Souki's "general understanding of Tellurian's insider trading

   policy."

(*Id.* at 3–4.) According to Souki, none of these topics pertain to any of Plaintiffs' claims

in this case, so they are inadmissible under Rules 401 and 403. (*Id.* at 4.)

The Court agrees that most of this evidence does not materially pertain to the

claims and defenses at issue in this case.  Plaintiffs assert six claims for relief:

(1) breach of contract based on the August 2019 texts; (2) breach of contract based on

the February 2021 oral agreement; (3) fraudulent inducement; (4) promissory estoppel

based on the August 2019 texts; (5) promissory estoppel based on the February 2021

oral agreement; and (6) unjust enrichment.  (*See generally* ECF No. 24.)  With one

minor exception regarding a factual basis of Plaintiffs' fraudulent inducement claim,

these claims all remain viable.  (ECF No. 170 at 31.)  And a host of defenses asserted

by Souki also remain viable, including his theories that the alleged contracts lack

necessary definite terms and are barred by the statute of frauds.  (*Id.* at 6–22.)

But none of these claims and defenses turn on whether Souki inquired as to the

legality or propriety of his alleged attempt to manipulate the market by asking his rich

friends to buy and hold Tellurian stock.  Plaintiffs essentially concede this point.  (*See*

ECF No. 195 at 1 ("Although there is compelling reason to believe that Souki, as an

insider at a publicly-traded company, violated securities laws in a variety of ways,

Plaintiffs presently do not intend to elicit such evidence at trial and agree that, to the

extent Plaintiffs' trial strategy changes, they will first approach the Court, outside of the

presence of the jury, as Souki asks.").)  Nor does the Court see any connection

between the merits of this lawsuit and Plaintiffs' innuendo that Souki engaged in insider

trading.  Absent such a nexus, the Court will exclude as irrelevant and unduly prejudicial

any evidence pertaining to these issues at trial.[1]  Fed. R. Evid. 401; Fed. R. Evid. 403.

---

[1] Plaintiffs add that, "to the extent that Souki's Motion is also meant to encompass the fact that he hid his agreements with Plaintiffs from Tellurian, including by failing to disclose them to Tellurian's legal or investor relations function, his Motion should be denied."  (ECF No. 195.)  But the Court does not understand Souki's Motion to specifically seek to exclude such evidence.  If Souki does intend to challenge the admissibility of this evidence, he is free to do so at trial, at

The Court adds one caveat, however: Plaintiffs will be permitted to inquire as to why Souki asked Plaintiffs to purchase and hold shares of Tellurian. Such evidence is admissible because it provides helpful context to how and why Souki and Plaintiffs entered into the alleged agreements in the first place. *See United States v. Condrin*, 473 F.3d 1283, 1286 n. 2 (10th Cir. 2007) ("Background evidence 'is universally offered and admitted as an aid to understanding.'") (quoting Fed. R. Evid. 401, advisory committee's note)). To the extent this evidence could fairly be characterized as "market manipulation," the Court will make a determination as to the admissibility of that sort of framing at trial. *Colorado Montana Wyoming State Area Conf. of NAACP*, 2024 WL 2939163, at *2.

As to the second category of evidence, Souki seeks to prevent Plaintiffs from presenting evidence via exhibits of "pleadings (Exs. 3-7), legal briefing (Exs. 8-9), attorney affidavits and communications (Exs. 10-19), expert materials (Ex. 20), court orders (Exs. 21-22), and trial transcripts (Exs. 23-26)," which stem "from a separate bankruptcy proceeding to which Souki was a party." (ECF No. 177 at 5.) In Souki's view, these documents are inadmissible because "pleadings are not evidence" and they are hearsay. (*Id.* (quoting *Medina v. Pacheco*, 161 F.3d 18 n.5 (10th Cir. 1998).)

Plaintiffs concede[2] that this evidence is generally inadmissible. (*See* ECF No. 195 at 4 ("Plaintiffs agree that materials from those proceedings filed by third parties are

_____

which time the Court will issue a ruling.

[2] Given that Plaintiffs largely concede the grounds asserted in the Motion, the Court questions why the parties' conferral did not resolve more of the issues raised therein. Litigating issues that are largely undisputed is not a good use of the parties' time, and ruling on such undisputed issues is a waste of scarce judicial resources. To the extent there remained daylight between the parties' positions on the issues raised in the Motion, the Court could have swiftly dealt with them from the bench at trial or the upcoming trial preparation conference.

hearsay and should not be admitted unless they are offered for a nonhearsay purpose or pursuant to a valid exception—and that Plaintiffs will raise any such issue with the Court outside of the presence of the jury should we wish to seek their introduction.").) But they maintain that "the overwhelming majority of the materials identified by Souki from those court cases are statements made by Souki himself or his lawyers, and so are party admissions that are by definition not hearsay." (*Id.*)  Plaintiffs also suggest that this evidence may "become appropriate to introduce [] as impeachment evidence or as a prior inconsistent statement." (*Id.* at 4.)

Given Plaintiffs' concession, the Court will generally disallow them from presenting to the jury pleadings from Souki's bankruptcy and state court proceedings. The Court stresses that it is not interested in subjecting the jury to sit through a side trial about what appears to be unrelated proceedings.  Should this issue nevertheless persist at trial, however, the Court will rule on the admissibility of this evidence and resolve any related objection at that time.

## IV.    CONCLUSION

For the foregoing reasons, the Motion is GRANTED IN PART AND DENIED IN PART, as set forth above.  (ECF No. 177.)

Dated this 14th day of November, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge