**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00165-WJM-MDB

CHRISTOPHER PARKER, and
RED MANGO ENTERPRISES LTD.,

      Plaintiffs,

    v.

CHARIF SOUKI,

      Defendant.

---

## PLAINTIFFS' AMENDED DISPUTED PROPOSED VERDICT FORM

---

Plaintiffs Christopher Parker and Red Mango Enterprises, Ltd. respectfully submit the following amended disputed proposed verdict form to clarify for the jurors the apportionment of compensatory damages among Plaintiffs' claims.

Plaintiffs bring claims for breach of contract, promissory estoppel, fraudulent inducement and unjust enrichment.  Plaintiffs will submit to the jury that the damages for each of these claims is $38,956,069 as they relate to the 2019 guarantee and $30,769,404 as they relate to the 2021 guarantee. The parties submitted to the Court a stipulated instruction informing the jury that "although each [of Plaintiffs'] claims is legally distinct, they relate to a common course of conduct" and that they "may award [Plaintiffs] actual damages only once for the same injuries." *See* ECF 187 at 28. To simply the application of this instruction to the verdict form and to avoid the possibility that the jury

award Plaintiffs duplicative damages on their claims, Plaintiffs have revised their proposed verdict form to add questions asking the jurors to identify the amount of damages, if any, Plaintiffs incurred that are different from or in addition to the damages awarded for any preceding claim.

In other words, Plaintiffs are asking the jury to return an award of damages for the loss of their capital investment in Tellurian for the guaranteed shares. Those losses are calculated as of two different dates based on the two different contracts at issue, but the damages overlap (apart from the interest payment on the second contract claim, and the entirely separate question of punitive damages). Rather than ask the jury to artificially apportion those same dollar losses across different claims, Plaintiffs' proposed amended verdict form allows the jury to explicitly acknowledge where the damages are the same. This will simply the damages question for the jury and reduce the possibility of ambiguity or confusion in how the verdict form is filled out.

The Tenth Circuit approved a substantially similar approach in *Jensen v. W. Jordan City*, 968 F.3d 1187, 1197-98 (10th Cir. 2020).  In *Jensen*, the plaintiff acknowledged that the damages were the same for each cause of action, but the verdict form asked for damages that were specifically not already awarded. 968 F.3d 1187, 1198 (10th Cir. 2020) ("Jensen's counsel advised the jury that its total damages award 'should apply for each of the causes of action, because she didn't see the damages as being different for each cause of action.' She also informed the jury that they would be 'asked what amount of each claim's damages is different from the damages assessed in the prior claims' and she 'suggested for each one of those questions that the jury just put a zero to maintain a

consistent figure across each of the claims.'") (cleaned up); *id.* ("On question fifteen, however, the verdict form provided a space for the jury to indicate the amount of those damages that were "different than and in addition to" the damages resulting from the other claims."). The Tenth Circuit found that the jury appropriately awarded damages specific to different claims based on the counsel's statements and verdict form. *Id.* at 1197-98 & n.5.

We have conferred with opposing counsel about this proposed amendment to the verdict form. Counsel for Defendant are considering the issue and have not yet taken a position.

To avoid juror confusion and encourage compliance with the Court's anticipated instruction regarding the prohibition against multiple recoveries, Plaintiffs respectfully request that the Court submit the below verdict form to the jury.

Dated: April 16, 2026

**BOIES SCHILLER FLEXNER LLP**

By:    */s/ Matthew L. Schwartz*
Jonathan D. Schiller
Matthew L. Schwartz
Craig A. Wenner
Lauren M. Goldman
Jeffrey P. Waldron
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
jschiller@bsfllp.com
mlschwartz@bsfllp.com
cwenner@bsfllp.com
lgoldman@bsfllp.com

jwaldron@bsfllp.com

*Attorneys for Plaintiffs Christopher Parker and
Red Mango Enterprises, Ltd.*

We, the jury, upon our oaths, find and state as follows:

**I.**   **<u>PLAINTIFFS' CLAIM FOR BREACH OF THE 2019 AGREEMENT</u>**

1. Do you find that Plaintiffs, Christopher Parker and Red Mango Enterprises, Ltd., proved by a preponderance of the evidence that the Defendant, Charif Souki, breached the 2019 Agreement, as I have used that term in my instructions to you?

**Yes \_\_\_\_\_    No \_\_\_\_\_**

*If you answered "Yes," then ANSWER THE FOLLOWING QUESTION.*

*If you answered "No," then STOP HERE and GO TO QUESTION 3.*

2. What amount of general damages do you award Plaintiffs for Defendant's breach of the 2019 Agreement?

**ANSWER: $_____**

*GO TO QUESTION 3.*

1

## II.    PLAINTIFFS' CLAIM FOR BREACH OF THE 2021 AGREEMENT

3.  Do you find that Plaintiffs proved by a preponderance of the evidence that Defendant breached the 2021 Agreement, as I have used that term in my instructions to you?

**Yes _____    No _____**

*If you answered "Yes," then ANSWER THE FOLLOWING QUESTION.*

*If you answered "No," then STOP HERE and GO TO QUESTION 6.*

4.  What amount of general damages do you award Plaintiffs for Defendant's breach of the 2021 Agreement?

**ANSWER: $_____**

*GO TO QUESTION 5 ONLY IF YOU AWARDED DAMAGES UNDER QUESTION 2.*

5.  What is the amount of damages, if any, you find Plaintiffs incurred as a result of this claim that are different than and in addition to the damages you found, if any, in Question 2.

**ANSWER: $_____**

*GO TO QUESTION 6.*

2

### III.   PLAINTIFFS' CLAIM FOR PROMISSORY ESTOPPEL FOR THE 2019 AGREEMENT

6. Do you find that Plaintiffs proved by a preponderance of the evidence their promissory estoppel claim related to Defendant's promise in August 2019 to compensate them for their losses of Tellurian stock?

**Yes _____    No _____**

*If you answered "Yes," then ANSWER THE FOLLOWING QUESTION.*

*If you answered "No," then STOP HERE and GO TO QUESTION 9.*

7. What amount of actual damages do you award Plaintiffs for their promissory estoppel claim related to Defendant's promise in August 2019 to compensate them for their losses of Tellurian stock?

**ANSWER: $_____**

*GO TO QUESTION 8 ONLY IF YOU AWARDED DAMAGES UNDER QUESTION 2 OR 5.*

8. What is the amount of damages, if any, you find Plaintiffs incurred as a result of this claim that are different than and in addition to the damages you found, if any, in Questions 2 and 5.

**ANSWER: $_____**

*GO TO QUESTION 9.*

## IV.   <u>PLAINTIFFS' CLAIM FOR PROMISSORY ESTOPPEL FOR THE 2021 AGREEMENT</u>

9. Do you find that Plaintiffs proved by a preponderance of the evidence their promissory estoppel claim related to Defendant's promise in February 2021 to compensate them for their losses of Tellurian stock?

**Yes \_\_\_\_\_    No \_\_\_\_\_**

*If you answered "Yes," then ANSWER THE FOLLOWING QUESTION.*

*If you answered "No," then STOP HERE and GO TO QUESTION 12.*

10. What amount of actual damages do you award Plaintiffs for their promissory estoppel claim related to Defendant's promise in February 2021 to compensate them for their losses of Tellurian stock?

**ANSWER: $_____**

*GO TO QUESTION 11 ONLY IF YOU AWARDED DAMAGES UNDER QUESTION 2, 5, OR 8.*

11. What is the amount of damages, if any, you find Plaintiffs incurred as a result of this claim that are different than and in addition to the damages you found, if any, in Questions 2, 5, and 8.

**ANSWER: $_____**

*GO TO QUESTION 12.*

### V.    PLAINTIFFS' CLAIM FOR FRAUDULENT INDUCEMENT

12. Do you find that Plaintiffs proved their fraudulent inducement claim by a preponderance of the evidence?

**Yes \_\_\_\_\_    No \_\_\_\_\_**

*If you answered "Yes," then ANSWER THE FOLLOWING QUESTIONS.*

*If you answered "No," then STOP HERE and GO TO QUESTION 17.*

13. What amount of actual damages do you award Plaintiffs for their fraudulent inducement claim?

**ANSWER: $_____**

*GO TO QUESTION 14 ONLY IF YOU AWARDED DAMAGES UNDER QUESTION 2, 5, 8, OR 11.*

14. What is the amount of damages, if any, you find Plaintiffs incurred as a result of this claim that are different than and in addition to the damages you found, if any, in Questions 2, 5, 8, and 11.

**ANSWER: $_____**

15. Do you find that Plaintiffs proved beyond a reasonable doubt that punitive damages should be awarded against Charif Souki?

**Yes \_\_\_\_\_    No \_\_\_\_\_**

16. If you answered "Yes" to question 15, what amount of punitive damages do you

award Plaintiffs for their fraudulent inducement claim?

**ANSWER: $_____**

*GO TO QUESTION 17.*

## VI.    PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT

17. Do you find that Plaintiffs proved by a preponderance of the evidence that Defendant was unjustly enriched at Plaintiffs' expense?

**Yes _____    No _____**

*If you answered "Yes," then ANSWER THE FOLLOWING QUESTION.*

*If you answered "No," then STOP HERE and SIGN THE VERDICT FORM.*

18. What amount of restitution do you award Plaintiffs for their unjust enrichment claim?

**ANSWER: $_____**

*GO TO QUESTION 19 ONLY IF YOU AWARDED DAMAGES UNDER QUESTION 2, 5, 8, 11, OR 13.*

19. What is the amount of damages, if any, you find Plaintiffs incurred as a result of this claim that are different than and in addition to the damages you found, if any, in Questions 2, 5, 8, 11, and 13.

**ANSWER: $_____**

*Please SIGN THE VERDICT FORM.*

7

_____    _____

Foreperson

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

8

## CERTIFICATE OF SERVICE

I certify that on April 16, 2026, a true and correct copy of the foregoing has been

electronically served on all counsel of record.


/s/ Matthew L. Schwartz
Matthew L. Schwartz

9